IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:93-CR-003-D(02) |
| | ) | |
| KERRY DEWAYNE LAURY, | ) | |
|     Defendant/Movant. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the District Court filed on March 9, 2009, Defendant's *pro se* motion to reduce sentence, filed on March 6, 2009, has been referred to the United States Magistrate Judge for recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Parties: Defendant Kerry Dewayne Laury ("Laury") is a federal prisoner presently confined at USP Allenwood in White Deer, Pennsylvania. The court did not issue process in this case, pending preliminary screening.

Statement of the Case: Following his plea of not guilty, a jury found Movant guilty of five counts of aiding and abetting in robberies affecting commerce in violation of 18 U.S.C. § 1951(a) (Counts 3, 5, 7, 9 and 11), and five counts of aiding and abetting in the use and carrying of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and (2) (Counts 4, 6, 8, 10 and 12). *See United States v. Laury*, 3:93cr003-R(02) (N.D. Tex.). On October 10, 1993, the trial court sentenced Movant to the lowest possible sentence, 89 years and four months of imprisonment, and three years of supervised release. *Id.* The court imposed a 51-month sentence on Counts 3, 5, 7, 9 and 11. Because of mandatory minimum sentences on the firearm

counts, the court was bound to sentence Movant to a consecutive 60-month sentence on Count 4, and a consecutive 240-month sentence on each of the four remaining counts (Counts 6, 8, 10 and 12). During sentencing, the trial judge voiced his dissatisfaction with and his absolute lack of discretion with respect to the unjust, excessive mandatory minimum sentences.

The Fifth Circuit Court of Appeals affirmed Movant's conviction and sentence. *Laury v. United States*, 49 F.3d 145 (5th Cir.), *cert. denied*, 516 U.S. 857 (1995). None of the issues on appeal made reference to the unfair, mandatory minimum sentences. The same applied to the first motion to vacate sentence under 28 U.S.C. § 2255, which the court denied and dismissed on the basis of the undersigned's report and recommendation. *See Laury v. United States*, No. 3:96cv3200-R (N.D. Tex. Feb. 24, 1999), *certificate of appealability denied*, No. 99-10390 (5th Cir. Oct. 13, 1999).

Thereafter, Laury filed a motion to modify and reduce sentence in his criminal case; he sought leave to file three successive § 2255 motions in the Fifth Circuit, *see In re Laury*, Nos. 01-10746, 04-10248, and 05-11266; he filed a second § 2255 motion in this court, *see Laury v. United States*, 3:05cv999-R (N.D. Tex.); he submitted a motion to recall mandate for sentencing, which the trial court construed as a successive § 2255 motion; and he filed a writ of audita querela and motion to enforce oral and written stipulations. All requests were unsuccessful, including Movant's contention, in his second § 2255 motion and motion to recall the mandate, that he should be resentenced under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). An appeal is presently pending in the Fifth Circuit from the order denying Movant's writ of audita querela and motion to recall the mandate. *See* No. 08-10792.

In the instant motion to reduce sentence pursuant to 18 U.S.C. § 3582(c), Laury again seeks to be re-sentenced despite the applicability of mandatory minimum sentences. He argues as follows: (1) the evidence was insufficient to support his conviction for five violations of § 924(c)(1) when the predicate offenses were committed with a single use of a firearm; (2) the four, consecutive, mandatory minimum, sentences under § 924(c)(1)(C) were improper because § 924(c)(1)(C) was not charged in the indictment and the jury was not instructed on the sub-section (C) element, and the sentencing judge found the sentences outrageous; and (3) a reasonable sentence should be imposed in his case in light of the huge disparity between the sentence that he received and the sentences that his co-defendants received, and the fact that his sentence leaves him no hope for a meaningful life after incarceration.

<u>Findings and Conclusions</u>: Under 18 U.S.C. § 3582(c), the court may modify a term of imprisonment, after it has been imposed, only under very limited circumstances: (1) when the Director of the Bureau of Prisons (BOP) asks the court to reduce a term of imprisonment if it is determined that "extraordinary and compelling reasons warrant such a reduction," or if the defendant is seventy years of age, has served at least 30 years in prison, and he does not pose a danger; (2) when permitted by statute or by Rule 35, Federal Rules of Criminal Procedure; and (3) when a sentencing range is subsequently lowered by an amendment to the U.S. Sentencing Guidelines.[1]

---

[1] Section 3582(c)(2) reads in relevant parts as follows:

(c) Modification of an imposed term of imprisonment – The court may not modify a term of imprisonment once it has been imposed except that--

**(1)** in any case--

    **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised

Section 3582(c) is inapplicable to the current case. Since Movant, not the BOP's Director, filed the current motion, subsections (c)(1)(A)(i) and (ii) do not apply. Nor does Movant argue that a reduction is expressly permitted by statute or by Rule 35 as provided in subsection (c)(1)(B). Likewise Movant cannot rely on subsection (c)(2). His arguments are not based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to an amendment to the U.S. Sentencing Guidelines.

To the extent Movant challenges the imposition of mandatory minimum sentences, his claim fails. It has long been established that a mandatory minimum sentence applies to a second or subsequent conviction, which arises from the same prosecution as the first, regardless of

---

> release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction; or
> >
> > **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

whether the defendant was convicted by plea, by a jury or by a judge. *Deal v. United States,* 508 U.S. 129, 131-32, 113 S.Ct. 1993, 1996 (1993); *see also United States v. Hebert,* 131 F.3d 514, 524-525 (5th Cir. 1997).

Moreover, whether pre or post *Booker*, sentencing courts lack discretion to depart below statutory minimum sentences. *See United States v. Krumnov*, 476 F.3d 294, 297 (5th Cir. 2007) (collecting Fifth Circuit cases). The two exceptions to this general rule – (1) the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e); or (2) the defendant meets the "safety valve" criteria under 18 U.S.C. § 3553(f) – are inapplicable to this case. *Id.* at 297 (citing *United States v. Phillips*, 382 F.3d 489, 499 (5th Cir. 2004)).[2]

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion to reduce sentence under 18 U.S.C. § 3582(c) be DENIED.

The clerk will mail a copy of this recommendation to Movant.

Signed this 13th day of March, 2009.

```
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE
```

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

---

[2] The "safety valve" exception is *explicitly* limited to the following offenses: 21 U.S.C. §§ 841, 844, 846, 960, and 963. *See* 18 U.S.C. § 3553(f).

5

recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.